### WOOLSEY *v.* SEELY AND OTHERS.

Trover—rule of damage—purchaser of land on time—sale by him of ore and timber.

Where the clerk of a house receives goods procured by trespass, the profits of which go to his employers, the fact may be given in evidence, as a circumstance to prove the employers knowledge and assent.

The owner of a chattel, or one having a special property in it, coupled with the right to possession, may follow it into whosoever hands it may come, and make him liable in trover, if he shall have abused it, used it as his own, or done any act inconsistent with the rights of the owner, which is a conversion; a demand and refusal to deliver, is evidence of a conversion.

A purchaser of land on time for payment in possession, is presumed to be in under the contract by the common usage of the country, and he may do acts to improve the land, to raise from it the means of paying for it, and may use it as his own.

Such purchase in equity is complete; at law it is so far regarded as to be exempt from levy on a judgment against the vender, and the person in possession of land under contract may use it as his own, the vender having the power in chancery, if need be, to restrict him from acts reducing the value.

Such holders are not tortious holders per se, so that every one buying timber, wood, ore, &c. taken from it, are liable to the owner of the soil for it.

Where chattels have been acquired by trespass and sold, if the owner discharge the trespasser, he cannot afterwards pursue the vendee of the trespasser, as he is entitled to but one satisfaction.

The damages in trover look to making the plaintiff whole for the injury done him; but in cases where the original taking was tortious and wanton, or there was little intrinsic value, as family pictures, &c. juries may give exemplary damages to induce a restoration of the chattel: but where the article converted is of determinate value, as money, or common merchantable articles, the rule of damage is the value at the conversion, increased by interest up to the verdict.

Without such circumstances, the damages should not include the increased value of the chattel, resulting from the labor or expense of the defendant upon it after conversion.

A jury may take the value of the chattel at any time between the conversion and the suit, and add the interest.

TROVER, for three thousand tons of iron ore. Plea not guilty.

The plaintiff is a non resident holder of sundry tracts of land, on which is iron ore: the defendants have a furnace in operation, and bought large quantities of ore from various persons for several years

and paid for it as delivered. They had knowledge that considerable quantity of the ore had been raised from the plaintiff's land, but continued to purchase. The plaintiff's agent notified them that the ore was raised by trespassers, and that he should look to them for the price if they purchased; they continued to purchase. Some of the tracts from which the ore was raised, had been under contract of sale when part of the ore was raised and sold, but these contracts were rescinded, though the purchasers still continued to raise and sell ore. A great many witnesses were examined as to the quantity and price of ore, the places whence brought, and the knowledge of the defendants of the place where procured, and that it was without authority.

In the progress of the examination, the plaintiff's counsel asked of a witness, if the person who received the ore acted as clerk of the defendants at the furnace.

*Giddings*, objected. The suit is for a tort, and the defendants are only liable for their own acts.

By THE COURT. The objection is not well taken. If the person acted as clerk for the defendants any length of time, it is a circumstance from which the jury may infer his authority, or it may open the door for showing that the defendants knowing his acts, received the benefit, and so ratified and were bound by them.

*Perkins* and *S. J. Andrews*, for the plaintiff, contended that they had a right to damages for the value, either at the conversion, or at any time between that time and the rendition of the verdict. That the purchase of the ore was a conversion, and the labor bestowed upon the property, even in working it into metal, was of right the plaintiff's. They cited 3 *Stark. Ev.* 1501; 1 *John. Ca.* 406; *Caines Ca. in E.* 216; 2 *East. R.* 211; 3 *Cow. R.* 82; 7 *Cow. R.* 25; 2 *Sel. N. P.* 546.

*R. Hitchcock* and *Webb*, contra, contended that the right was fixed when the suit was brought. They cited *Cowen Tr.* 633; 1 *D. Chip. R.* 248; 14 *John. R.* 128; 4 *Pick. R.* 466; 5 *Bin. R.* 457; 6 *Serg. & R.* 300.

WRIGHT, J. to the jury. The *owner* of a chattel, or any one having a *special* property in it, coupled with a right to possession, may follow it into the hands of any person to whom it shall come, and make him liable in this form of action, if the possessor shall have abused it, or used it as his own, or done any other act inconsistent with the owner's right. This is called the conversion of it. It is looked upon as evidence of conversion, to refuse to deliver to the owner on demand.

The plaintiff's claim in this case, is founded upon property in himself, and he is entitled to a verdict at your hands for whatever of his ore you find, by the evidence, has come to the hands or possession of the defendants, which they have used as their own, or refused to deliver to the plaintiff. If any has been delivered to their clerk, which has come to their use, it is the same as if delivered to them personally.

Possession of land under a contract of purchase on time for payment, is prima facie rightful in the purchaser, by the common usage and custom of the country. The right to enter is implied under such contract, to improve, and perhaps to raise the means of paying for the land. The purchase is complete in equity, and the title will be enforced, if the payment is made. At law, the land is so far regarded as passed from the vender, as not to be subject to the lien of a judgment against the vender. A purchaser, when so in possession, may use the property as his own, as he would if he had the title. The only remaining interest of the vender, is, to have the purchase secured, and he may protect that interest if jeoparded, by restraining the party from acts lessening the value of the freehold, till he is paid; but we think, the purchaser in possession cannot be looked upon as proceeding *tortiously per se*, so that all who purchased wood, coal, boards, ore, &c. of him, taken from the land, must be made liable over to the owner of the soil, for any value, much less that increased by the labor of the purchaser. If, therefore, any ore, in this case, was raised and sold to the defendants under such circumstances, the plaintiff has no right to recover for that, and you may throw it out of view.

If, also, any part of the ore in dispute has been raised by a trespasser, or mere wrong-doer, and the plaintiff has *discharged* the trespasser, and received satisfaction from him, in any way, for so much, he cannot recover of others. The discharge of one discharges all; and he has no legal right to but one satisfaction for the injury.

The plaintiff asks us to give you in charge that the rule of damages is the value at the furnace, increased by the labor of raising and hauling to market, and by the rise in price down to the present time. This we decline to do in the terms asked. ,

The damages assessed in this action should look to making the plaintiff whole for the loss he has actually sustained, for the taking ore, or other conversion of his ore by the defendants. Whatever the actual damage is, that should be the measure of your verdict; 1 *John. R.* 65; 2 *John. R.* 280. In cases where the possession of the defendants is wrongful, and there is a wanton conversion, as by

[Woolsey *v.* Seely and others.]

mixing with other property, to destroy its identity, or where the property converted has an *ideal value* to the owner, as family *picture*, or other relics, and but little intrinsic value; exemplary damages are sometimes given to secure a return of the property. But when the chattel is of determinate value in the market, as money, or common merchantable articles, the rule of damages is the value of the article at the time of the conversion, increased by interest up to the verdict.

You may, therefore, inquire, if there is evidence of wantonness on the part of the defendants in obtaining this ore, as if they procured it to be dug, or if there are any circumstances in the case which has imparted to it a peculiar value to the plaintiff, which the conduct of the defendants has deprived him of, and if you so find, take such circumstances into your estimate of the injury, and in such case, you may, if you think the circumstances require it, give damages by way of smart money, or to induce the doing of justice.

If there be no such circumstances, and you find for the plaintiff, your verdict should not include the increased value of the ore by raising, hauling, or other labor of the defendants or others since the conversion. Such value *is not the plaintiff's loss.* But you may lawfully take the value of the ore at any time between the taking and the commencement of the suit as the value, and add to that the interest up to this time, and find a verdict for the aggregate in damages.

Verdict for plaintiff for $96 70. Judgment for plaintiff for damages, and for defendant for costs.

☞ No motion was made for a new trial; if there had been, the court would have granted one to the plaintiff; because, if entitled to a verdict as court thought he was, he had a right to much higher damages.